IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-01917-PAB

MAMIE LOUISE WINGERT and
THE DWAYNE F. WINGERT TRUST,

    Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on defendant's Notice of Removal of Civil Action [Docket No. 1]. Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 5.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the

requirement by failing to challenge jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. The facts presently alleged are insufficient to establish the citizenship of either plaintiff Mamie Louise Wingert ("Wingert") or plaintiff The Dwayne F. Wingert Trust (the "Trust").

The Notice of Removal alleges that Wingert and the Trust "live in Jefferson County, Colorado." Docket No. 1 at 2, ¶ 6. Although the trust is identified in the case caption as a party, the Notice of Removal makes no explicit reference to the citizenship of the trust. While, for diversity purposes, "a corporation shall be deemed to be a

citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), "Congress never expanded this grant of citizenship to include artificial entities other than corporations." *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016).

In *Americold*, the Supreme Court held that the citizenship of a real estate investment trust, like the citizenship of other unincorporated entities, depends on the citizenship of all its members. 136 S. Ct. at 1016. Relying on the Court's earlier decision in *Navarro Savings Association v. Lee*, 446 U.S. 458 (1980), the defendant had argued that the citizenship of a trust is always determined by the citizenship of its trustees alone. *Id.* at 1016. The Court rejected this conclusion, explaining that *Navarro* merely "reaffirmed a separate rule that when a trustee files a lawsuit in *her* name, her jurisdictional citizenship is the State to which she belongs – as is true of any natural person." *Americold*, 136 S. Ct. at 1016. Thus, at least initially, *Americold* appears to establish rules for determining a party's citizenship depending on whether the party is a trustee or the trust entity itself. However, the Court further explained:

> Americold's confusion regarding the citizenship of a trust is understandable and widely shared. The confusion can be explained, perhaps, by tradition. Traditionally, a trust was not considered a distinct legal entity, but a "fiduciary relationship" between multiple people. Such a relationship was not a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name. And when a trustee files a lawsuit or is sued in her own name, her citizenship is all that matters for diversity purposes. For a traditional trust, therefore, there is no need to determine its membership, as would be true if the trust, as an entity, were sued. Many States, however, have applied the "trust" label to a variety of unincorporated entities that have little in common with this traditional template. . . . So

3

> long as such an entity is unincorporated, we apply our "oft-repeated rule" that it possesses the citizenship of all its members. But neither this rule nor *Navarro* limits an entity's membership to its trustees just because the entity happens to call itself a trust.

*Id*. (internal citations omitted). Although this language is open to interpretation, this Court has adopted the interpretation of four circuits that *Americold* establishes, "in contrast to a business trust, the citizenship of a traditional trust is determined solely by the citizenship of its trustees." *Woodward, Inc. v. ZHRO Solutions, LLC*, No. 18-cv-01468-PAB, 2018 WL 4697324, at *2 (D. Colo. June 26, 2018) (citing *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *Raymond Loubier Irrevocable Trust v. Loubier*, 858 F.3d 719, 729 (2d Cir. 2017); *Wang ex rel. Wong v. New Mighty U.S. Trust*, 843 F.3d 487, 494 (D.C. Cir. 2016)); *see also Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1229 (9th Cir. 2019) (concluding that *Americold* distinguishes traditional trusts from "other artificial business entities"). Thus, in order to demonstrate a trust's citizenship, a party must first allege facts demonstrating that the trust is either a traditional trust or a business trust.[1] If the trust is a traditional trust, the party must then trace the citizenship of all its trustees; if the trust is a business trust, the

---

[1] The Court has cited approvingly two principal distinctions between a traditional trust and a business trust identified by the Third Circuit. *See Woodward*, 2018 WL 4697324, at *2 (citing *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 40-41 (3d Cir. 2018)). First, "a traditional trust exists as a fiduciary relationship," while a business trust is treated as a distinct legal entity. *GB Forefront*, 888 F.3d at 40. Second, "a traditional trust facilitates a donative transfer, whereas a business trust implements a bargained-for exchange." *Id.* The Ninth Circuit has identified additional "considerations to analyze when defining a trust," including "the nature of the trust as defined by the applicable state law, whether the trust has or lacks juridical person status, whether the trustee possesses real and substantial control over the trust's assets, and the rights, powers, and responsibilities of the trustee, as described in the controlling agreement." *Demarest*, 920 F.3d at 1229-30 (internal citations omitted).

party must trace the citizenship of all its members.

Here, the Notice of Removal lacks any information from which the Court could properly analyze whether the Trust is a "business trust" or a "traditional trust." Further, the Notice of Removal does not identify the trustees or beneficiaries of the Trust.[2] Thus, the Court is unable to determine the citizenship of the Trust.

As to Wingert, the allegation that she "live[s] in Jefferson County, Colorado" establishes only residency, which is not synonymous with an individual's domicile. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)). Only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").

Because the allegations are presently insufficient to allow the Court to determine the citizenship of plaintiffs or whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

---

[2] Although the state court complaint provides more information on the Trust, the Court cannot conclude that it provides information about all of the Trust's trustees. *See* Docket No. 1-3 at 2, ¶ 3 (alleging that Wingert is "a trustee of the Trust," not the sole trustee). Accordingly, the Court cannot determine the Trust's citizenship based on the state court complaint.

5

**ORDERED** that, on or before **July 24, 2019**, defendant shall show cause why this case should not be remanded to state court due to the Court's lack of subject matter jurisdiction.

DATED July 10, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge